1
2
3
4
5

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVIS JUSTIN CUELLAR,<br><br>                Plaintiff,<br><br>        v.<br><br>THE MADERA COUNTY SHERIFF JAIL<br>DIVISION, *et al.*,<br><br>                Defendants. | Case No. 1:25-cv-00301-EPG (PC)<br><br>ORDER TO ASSIGN A DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS,<br>RECOMMENDING THAT THIS ACTION<br>BE DISMISSED FOR FAILURE TO STATE<br>A CLAIM, FAILURE TO PROSECUTE,<br>AND FAILURE TO COMPLY WITH A<br>COURT ORDER<br><br>(ECF Nos. 1, 7).<br><br>OBJECTIONS, IF ANY, DUE WITHIN<br>THIRTY DAYS |

        Plaintiff Travis Justin Cuellar, an inmate at the Madera County Jail, proceeds *pro se* and *in forma pauperis* in this civil rights action filed under 42 U.S.C. § 1983. (ECF Nos. 1, 6). Plaintiff filed his complaint on March 12, 2025, bringing a purported class action on behalf of himself and inmates at the Madera County Jail. Generally, he alleges that the Madera County Jail and a private company named Homwav, who provides remote video services, are connecting calls to inmates' loved ones without the inmate initiating the call.

        On April 8, 2025, the Court screened the complaint and concluded that Plaintiff failed to state any cognizable claims. (ECF No. 7). The Court gave Plaintiff thirty days to file an amended complaint or to notify the Court that he wanted to stand on his complaint. (*Id.* at 10). And the Court warned Plaintiff that "[f]ailure to comply with this order may result in the dismissal of this action." (*Id.* at 11).

1

The thirty-day deadline has passed, and Plaintiff has not filed an amended complaint or otherwise responded to the Court's order. Accordingly, for the reasons given below, the Court will recommend that Plaintiff's case be dismissed, with prejudice, for failure to state a claim, failure to prosecute, and failure to comply with a court order.

## I.    SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint, or a portion of it, if the prisoner has raised claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2). Additionally, as Plaintiff is proceeding *in forma pauperis* (ECF No. 6), the Court may screen the complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard.  *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (citation and internal quotation marks omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. *Iqbal*, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that

2

1  *pro se* complaints should continue to be liberally construed after *Iqbal*).

2  **II.    SUMMARY OF PLAINTIFF'S COMPLAINT**

3  Plaintiff's complaint asserts that he is a pretrial detainee at the Madera County Jail. He

4  seeks to bring a class action civil rights case on behalf of his fellow inmates at the Jail, with "an

5  approximate population of 500" persons.[1] He sues two named Defendants: (1) "The Madera

6  County Sheriff Jail Division (The Jail)"; and (2) Homewav, which he describes as "the Jail's

7  remote video visit company," which contracts with the Jail.

8  Plaintiff also sues unnamed Doe Defendants ("Does 1-1000") stating that he will

9  identify them during discovery.

10  Plaintiff's complaint is two pages[2] and contains the following allegations:

11  All Defendants have violated Plaintiffs' right to due process of law by
    conducting a scheme with each other which consists of Plaintiffs' Homewav
12  visit accounts automatically calling their loved ones as registered visitors on
    each Plaintiff's Homewav account which dials an incoming visit to Plaintiffs'
13  loved ones without Plaintiffs making the call. Plaintiffs' loved ones answer the
    incoming visit which remains silent and without video until Plaintiffs' loved
14  ones decide to hang up. Each call charges approx. two dollars but fluctuates
    depending on how long Plaintiffs' loved ones stay on the call believing some
15  sort of technical issue is preventing Plaintiffs from being seen or heard. This
    scheme is racketeering funds. The Jail is liable because the Jail has contract[ed]
16  with Homewav. Homewav is liable because Homewav has contract[ed] with
17  [the] Jail. Both parties refuse to fix or address the issue. Both parties are aware
    of the issue as Plaintiff has exhausted available remedies at the Jail, and
18  Plaintiffs' loved ones [have] been denied relief by Homewav.

19  As for relief, Plaintiff seeks reimbursement for the calls, $100,000 in (presumably

20  general) damages, and $100,000 in punitive damages.

21

22  **III.    ANALYSIS OF PLAINTIFF'S COMPLAINT**

23  **A.      Section 1983**

24  The Civil Rights Act under which this action was filed provides as follows:

25  Every person who, under color of any statute, ordinance, regulation, custom, or
    usage, of any State or Territory or the District of Columbia, subjects, or causes

26  _____

27  [1] For readability, minor alterations, like changing capitalization, have been made to some of Plaintiff's
    quotations without indicating each change.
28  [2] Plaintiff's complaint is not on the Court's standard complaint form and does not include several items
    of information, such as a list of previous lawsuits that Plaintiff has filed.

to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)); *see also Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 618 (1979); *Hall v. City of Los Angeles*, 697 F.3d 1059, 1068 (9th Cir. 2012); *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir. 2012); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. County of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark County Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Preschooler II*, 479 F.3d at 1183 (quoting *Johnson*, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

A plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691, 695 (1978).

**B.      No Personal Injury**

As an initial matter, Plaintiff's complaint is subject to dismissal to the extent it asserts claims on behalf of others, including Plaintiff's family members and other inmates. Plaintiff does not allege that he was personally injured by having to pay for video calls he did not actually place.

"The ordinary rule . . . is that a party must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Tingley v. Ferguson*, 47 F.4th 1055, 1069 (9th Cir. 2022) (internal quotation marks and citation omitted).

Here, Plaintiff does not claim that he is the one who suffered any harm—*e.g.*, that he had to pay for the improper calls. For example, he does not allege that on any given date he was charged for a video call that he did not make. Instead, he appears to allege that his "loved ones" were improperly charged for calls that he did not place. The complaint states that his "loved ones" answer a call and eventually decide to hang up, each call charges approximately two dollars but fluctuates depending on how long the "loved ones" stay on the call. And such "loved ones [have] been denied relief by Homewav."

Plaintiff cannot bring a claim on behalf of any third parties, including his loved ones. If those individuals have been injured by being improperly charged for video calls, they must bring their own claims. However, Plaintiff cannot assert a claim unless his own interests are involved.

Similarly, Plaintiff cannot bring claims on behalf of other inmates at the Madera County Jail. Plaintiff's complaint states that it is being brought on behalf of "all other inmates of the Madera County Jail consisting of pretrial detainees and convicted prisoners of an approximate population of 500." (ECF No. 1, at p. 1). But, as described above, Plaintiff cannot bring claims on behalf of any third party, including other detainees at the Madera County Jail.

Plaintiff also cannot bring a class action lawsuit on behalf of anyone else. Federal Rule of Civil Procedure 23(g) requires "a court that certifies a class [to] appoint class counsel." A *pro se* plaintiff, like Plaintiff in this case, can only represent his own interests, not those of other inmates in a class action. *See C.E. Pope Equity Tr. v. United States*, 818 F.2d 696, 697

(9th Cir. 1987) ("Although a non-attorney may appear *in propria persona* in his own behalf, that privilege is personal to him. He has no authority to appear as an attorney for others than himself."); *Abel v. Alameda Cnty.*, No. C 07-3247 MJJ (PR), 2007 WL 3022252, at *1 (N.D. Cal. Oct. 13, 2007) ("Pro se prisoner plaintiffs may not bring class actions."); *Perez v. Woodford*, No. C 01-2605 TEH (PR), 2001 WL 1180647, at *1 (N.D. Cal. Oct. 2, 2001) ("Perez purports to bring this action as a class action but he cannot file a class action on behalf of other prisoners *pro se*.").

Thus, Plaintiff's complaint is subject to dismissal because it brings claims on behalf of other persons, including Plaintiff's loved ones and other inmates, and does not allege that Plaintiff himself suffered any personal injury.

### C.    The Madera County Jail

Plaintiff's claims against the Madera County Jail are also subject to dismissal because Madera County Jail is not a "person" under the relevant statute and because Plaintiff has not alleged specific facts that it was responsible for the improperly placed calls.

Plaintiff brings this lawsuit under 42 U.S.C. §1983 which states that,

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . .

42 U.S.C. §1983. "The term 'persons' encompasses state and local officials sued in their individual capacities, private individuals, and entities which act under the color of state law and local governmental entities." *Jay v. Med. Dep't of Fresno Cnty. Jail*, No. 1:10-CV-00685-GBC PC, 2011 WL 3875523, at *4 (E.D. Cal. Sept. 1, 2011). However, "municipal departments and sub-units of local governments are not generally considered 'persons' within the meaning of Section 1983." *Id.* (collecting cases dismissing correctional facilities and law enforcement departments as improper defendants under § 1983).

Here, Plaintiff does not name any person or individual at the Madera County Jail responsible for the video calls. Instead, Plaintiff names the Jail itself. However, the Madera

County Jail is not a properly named Defendant under § 1983. *See Gatlin v. Bank of Am.*, No. 2:23-CV-0272-DAD-KJN P, 2023 WL 2529725, at \*2 (E.D. Cal. Mar. 15, 2023) ("Turning to plaintiff's claim against defendant Sacramento County Jail, an agency or department of a municipal entity is not a proper defendant under Section 1983.").

Moreover, Plaintiff does not allege any facts indicating that the Madera County Jail caused the misplaced calls. Instead, Plaintiff alleges that there was a "scheme with each other," and that the "Jail is liable because the Jail has contract with Homewav." These allegations are not sufficient to show that the Madera County Jail caused the misplaced video calls. "[C]onclusory allegations" are insufficient to support a conspiracy claim; rather, "[t]o state a claim for a conspiracy to violate one's constitutional rights under section 1983, the plaintiff must state specific facts to support the existence of the claimed conspiracy." *Burns v. Cnty. of King*, 883 F.2d 819, 821 (9th Cir. 1989).

Notably, Plaintiff provides no specific facts that this contract, or any other agreement, involves a scheme to obtain money via unsolicited phone calls. And his conclusory allegations about Defendants having a contract is not sufficient to establish a conspiracy. *See Twombly*, 550 U.S. at 566 (noting allegations that defendants "have entered into a contract, combination or conspiracy," but concluding that "nothing contained in the complaint invests either the action or inaction alleged with a plausible suggestion of conspiracy").

Thus, Plaintiff's claims against the Madera County Jail should be dismissed.

**D.    Homewav**

Plaintiff's § 1983 claims against Homewav are also subject to dismissal because Plaintiff has not alleged facts indicating that Homewav was acting "under color of state law."

"To state a section 1983 claim, a plaintiff *must allege facts* which show a deprivation of a right, privilege or immunity secured by the Constitution or federal law *by a person acting under color of state law*." *Lopez v. Dep't of Health Servs.*, 939 F.2d 881, 883 (9th Cir. 1991) (emphasis added); *Davis v. John*, 485 F. Supp. 3d 1207, 1216 (C.D. Cal. 2020) ("It is axiomatic that a plaintiff asserting a section 1983 claim must allege that the defendant acted under color of state law when performing the challenged acts."). "Generally, a private business has no

7

authority to act under color of state law; however, such action can be deemed to be under color of law if there is a sufficient connection between the business entity and the state." *Mistriel v. Kern Cnty.*, No. 1:03-CV-06922-AWI, 2011 WL 864495, at *9 (E.D. Cal. Mar. 10, 2011), *report and recommendation adopted*, No. 1:03-CV-06922-AWI, 2011 WL 2192834 (E.D. Cal. June 6, 2011).

Here, by all indications, Homewav is a private company and not a state actor. And as other courts have concluded in analogous circumstances, just because Homewav contracts with the Jail, presumably for video services, does not transform it into a state actor. *See Brooks v. SecurusTech.net*, No. 13-CV-4646 JS AKT, 2014 WL 737683, at *6 (E.D.N.Y. Feb. 24, 2014) (collecting cases on this issue, and noting that telephone service provider was "not a state actor, or acting under color of state law, merely by virtue of its public contract with the Suffolk Jail"); *Whitaker v. Director, TDCJ-CID*, No. 9:11-CV-68, 2013 WL 2318889, at *15 (E.D. Tex. May 27, 2013) (order adopting findings and recommendations, noting that the fact that provider of telephone services "ha[d] contracted with the Texas Department of Criminal Justice to provide telephone services to prisoners does not make [it] or any of its employees state actors").

### E.    Due Process

Finally, Plaintiff's complaint is subject to dismissal because it has not alleged facts indicating a constitutional violation of the Due Process clause.

The Due Process Clause protects inmates from being deprived of property without due process of law, *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974), and inmates have a protected interest in their personal property, *Hansen v. May*, 502 F.2d 728, 730 (9th Cir. 1974). *See also Bell v. Wolfish*, 441 U.S. 520, 545 (1979) (noting that due process protections apply to pretrial detainees). "[T]he Due Process Clause is . . . not implicated by a *negligent* act of an official causing unintended loss of or injury to . . . property." *Daniels v. Williams*, 474 U.S. 327, 328 (1986). Authorized intentional deprivation of property pursuant to an established state procedure is actionable under the Due Process Clause. *Hudson v. Palmer*, 468 U.S. 517, 532 & n.13 (1984) (citing *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 435-36 (1982)); *Quick v. Jones*, 754 F.2d 1521, 1524 (9th Cir. 1985). On the other hand, "an unauthorized intentional

deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." *Hudson*, 468 U.S. at 533. And "California law provides an adequate post-deprivation remedy for any property deprivations." *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-95). Furthermore, a plaintiff must also demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676-77.

Plaintiff's allegations are insufficient to state a due process claim. His essential contention is that Defendants are causing unsolicited video calls to be placed. But, as described above, Plaintiff does not allege that he specifically was deprived of his property by being improperly charged for such calls.

Moreover, even assuming that there are allegations that could implicate a deprivation of property, Plaintiff fails to allege that such actions amount to an authorized deprivation of his property pursuant to an established state procedure. On the contrary, such allegations indicate an unauthorized deprivation of property.

Thus, Plaintiff fails to state any due process claim.

## IV.    FAILURE TO PROSECUTE AND COMPLY WITH COURT ORDERS

The Court will likewise recommend dismissal based on Plaintiff's failure to prosecute this case and to comply with the Court's screening order.

> In determining whether to dismiss a[n] [action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits.

*Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal.'" *Id.* (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Therefore, the first factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest. . . . It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants. . . ." *Id.* (citations omitted). Plaintiff has failed to respond to the Court's screening order. This failure to respond is delaying the case and interfering with docket management. Therefore, the second factor weighs in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Id.* (citing *Yourish*, 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," *id.* at 643, and it is Plaintiff's failure to comply with a court order and to prosecute this case that is causing delay. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, given that Plaintiff has chosen not to prosecute this action and has failed to comply with the Court's order, despite being warned of possible dismissal, there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Considering Plaintiff's *in forma pauperis* status, it appears that monetary sanctions are of little use to prompt him to comply with future orders. And given the stage of these proceedings, the preclusion of evidence or witnesses is not available. Therefore, the fourth factor weighs in favor of dismissal.

Finally, because public policy favors disposition on the merits, this final factor weighs against dismissal. *Id.*

After weighing the factors, the Court finds that dismissal is appropriate.

**V.   CONCLUSION, ORDER, AND RECOMMENDATIONS**

Accordingly, IT IS ORDERED that the Clerk of Court is respectfully directed to assign a District Judge to this case.

And based on the forgoing, IT IS RECOMMENDED as follows:

1.      This action be dismissed, with prejudice, for failure to state a claim, failure to prosecute, and failure to comply with a court order.

2.      The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any objections shall be limited to no more than fifteen (15) pages, including exhibits. Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   __**May 27, 2025**__                      /s/ *Erica P. Grosjean*
                                              _____
                                              UNITED STATES MAGISTRATE JUDGE